**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Marsha Jurach,<br><br>                    Plaintiff,<br>       v.<br><br>Asset Recovery Solutions, LLC; and<br>DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 3:13-cv-30037<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Marsha Jurach, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Marsha Jurach ("Plaintiff"), is an adult individual residing in Chicopee, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Recovery Solutions, LLC ("ARS"), is an Illinois business entity with an address of 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ARS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ARS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $18,000.00 (the "Debt") to Beneficial Credit Services (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ARS for collection, or ARS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ARS Engages in Harassment and Abusive Tactics

12. On January 29, 2013, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

14. Plaintiff informed Defendants that she was unemployed due to disability and that her only source of income was Social Security Disability Income (SSDI), and therefore, she did not have available funds to pay the Debt.

15. In response, Defendants accused Plaintiff of refusing to pay the Debt and demanded that Plaintiff pay the Debt using her SSDI.

16. Plaintiff explained that SSDI was just enough to cover her basic needs: electricity, rent, groceries, etc. Plaintiff added that at times she was forced to turn to her son for financial support.

17. Thereafter, Defendants' collector requested that Plaintiff ask her son to obtain a loan in order to pay the Debt. The collector continued: "You raised your son. Can he not do this for you? He owes you that! You should be ashamed you left this go so long. How do we know you are not working and making more money that you are not telling us about?"

18. Plaintiff was appalled at the Defendants' unprofessional conduct and asked to speak to a supervisor.

19. Defendants' supervisor disregarded plaintiff's complaint about the previous collector's behavior and proceeded to demand that Plaintiff commit to a payment plan of $250.00 a month.

20. Plaintiff repeated that she had no ability to make such payments and stated that she would try to make $25.00 a month payments.

21. The supervisor refused to accept Plaintiff's offer and continued to demand that Plaintiff commit to a larger payment plan.

22. The conversation caused Plaintiff to experience an atrial fibrillation and led to a visit to a hospital.

**C. Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2013

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff